1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES NILES,

                Plaintiff,

        v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

                Defendant.

No. 1:15-CV-3199-JTR

ORDER GRANTING, IN PART,
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF No. 14, 16.  Attorney D. James Tree represents James Niles (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 6.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 25, 2012, alleging disability since March 1, 2012, due to right knee and left hip limitations, Post-Traumatic Stress Disorder (PTSD), and diabetes.  Tr. 200-217, 248.  The applications were denied initially and upon reconsideration.  ALJ Glenn G. Meyers held a hearing on May

12, 2014, Tr. 33-76, and issued an unfavorable decision on June 13, 2014, Tr. 14-27.  The Appeals Council denied Plaintiff's request for review on September 25, 2015.  Tr. 1-6.  The ALJ's June 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on November 24, 2015.  ECF No. 1, 4.

### STATEMENT OF FACTS

Plaintiff was born on April 14, 1967, and was 44 years old on the alleged onset date, March 1, 2012.  Tr. 36, 141.  Plaintiff obtained a GED in 1985.  Tr. 249.  His "Disability Report" indicates he has worked as a server in a family restaurant and as a bodyguard.  Tr. 249.  He stated he worked at the Olive Garden restaurant for nearly 14 years and stopped working because of his condition on March 1, 2012.  Tr. 49, 51, 248.  Plaintiff was the primary caregiver for his youngest son for approximately four years and has been the primary caregiver for his oldest son, who was 18 years old at the time of the administrative hearing, his entire life.  Tr. 58.

At the administrative hearing, Plaintiff testified he was placed in an induced coma in 2008 following a heart attack.  Tr. 38-39.  In September 2010, Plaintiff also had a bacterial infection, referred to as necrotizing fasciitis, located in his left upper-leg/groin area.  Tr. 39-40.  He stated that the necrotizing fasciitis had since resolved but he still had residual effects from the flesh-eating bacteria.  Tr. 39-41.  Plaintiff has suffered from diabetes since 2010/2011, has been diagnosed with sleep apnea, has had problems with his right knee since 2012, experiences anxiety when he leaves his house, and has memory issues.  Tr. 42-45, 52-53.  Plaintiff indicated his sister moved in with him to help take care of him, and he has also had financial assistance from his mother.  Tr. 52-56.  Plaintiff testified at the time of the administrative hearing that he had been clean and sober since his April 14, 2008 heart attack.  Tr. 63.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

### STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him

from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4),
416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to
step five, and the burden shifts to the Commissioner to show that (1) the claimant
can make an adjustment to other work; and (2) specific jobs exist in the national
economy which claimant can perform.  *Batson v. Commissioner of Social Sec.*
*Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If a claimant cannot make an
adjustment to other work in the national economy, a finding of "disabled" is made.
20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

On June 13, 2014, the ALJ issued a decision finding Plaintiff was not
disabled as defined in the Social Security Act.  At step one, the ALJ found Plaintiff
had not engaged in substantial gainful activity since March 1, 2012, the alleged
onset date.  Tr. 16.  At step two, the ALJ determined Plaintiff had the following
severe impairments:  status post necrotizing fasciitis in the left groin and its
secondary effects; right knee degenerative joint disease; anoxic brain injury;
diabetes mellitus; sleep apnea; obesity; PTSD; depressive disorder; anti-social
personality disorder; and status post alcohol dependency.  Tr. 16.  At step three, the
ALJ found Plaintiff did not have an impairment or combination of impairments
that meets or medically equals the severity of one of the listed impairments.  Tr.
19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and
determined Plaintiff could lift and/or carry up to 10 pounds occasionally and less
than 10 pounds frequently; he could stand and/or walk about two hours in an eight-
hour workday; he could sit about six hours in an eight-hour workday; he could
perform only unskilled, repetitive, routine work with no contact with the general
public and only occasional contact with supervisors and co-workers; he would be
off-task at work four percent of the time, but still meet the job's minimum
///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4

production requirements; and he would be absent from work once a month, communicating with the employer regarding the reasons for the absence.  Tr. 21

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a waiter and kitchen helper.  Tr. 25.  At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of assembler and bench assembler.  Tr. 26-27.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 1, 2012, the alleged onset date, through the date of the ALJ's decision, June 13, 2014.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) improperly rejecting the opinions of treating physician Mindy A. Udell, M.D.; and (2) failing to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective complaints.

## DISCUSSION

### A.    Plaintiff's Subjective Complaints

Plaintiff contends the ALJ erred by discrediting his symptom testimony without providing specific, clear and convincing reasons for so doing.  ECF No. 14 at 14-19.  The Court agrees.

It is the province of the ALJ to make credibility determinations.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

"General findings are insufficient: rather the ALJ must identify what testimony is

not credible and what evidence undermines the claimant's complaints." *Lester*, 81

F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments

could reasonably be expected to cause the alleged symptoms; however, the ALJ

did not find all of Plaintiff's symptom allegations to be credible. Tr. 22-23.

The ALJ first found that the objective medical evidence was inconsistent

with the extent of Plaintiff's allegations. Tr. 22. A lack of supporting objective

medical evidence is a factor which may be considered in evaluating a claimant's

credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341,

345 (9th Cir. 1991). However, as noted by Plaintiff, ECF No. 14 at 16-17,

although the ALJ indicated x-rays of Plaintiff's right knee noted only mild medical

compartment degenerative joint space loss, Tr. 419, 564, and follow up records

after Plaintiff's knee surgery documented improved function, Tr. 22, treating

orthopedic surgeon Stephen P. Roesler, M.D., indicated in April 2012 that MRI

results revealed "rather extensive degenerative changes with narrowing of the joint

space throughout all three compartments of the knee" as well as spurs, meniscal

degeneration and swelling, Tr. 537, and there is no record evidence demonstrating

that Plaintiff's function improved following knee surgery, Tr. 65. In fact, Dr.

Roesler planned right knee arthroscopic surgery, but indicated knee replacement

surgery was also an option considered. Tr. 537. Furthermore, although the ALJ

cited a January 2014 medical record of Mindy A. Udell, M.D., as evidence that the

residual effects of Plaintiff's necrotizing fasciitis was "no pain when palpating

down the anterior thigh, and some decreased sensation throughout the area of the

previous surgery," Tr. 22, 584, Dr. Udell further observed pain to palpation of the

left trochanteric bursa, decreased sensation throughout the area of Plaintiff's

previous groin surgery, and antalgic gait due to tibia pain; and Dr. Udell diagnosed

trochanteric bursitis, which she attributed to Plaintiff's abnormal gait from his tibial infarct, Tr. 584.  Plaintiff's allegations of functional limitations are not unsubstantiated by the objective evidence of record.

The ALJ next indicates the record suggests Plaintiff may have exaggerated his symptoms and limitations.  Tr. 22-23.  A tendency to exaggerate provides a valid basis for discrediting the testimony of a claimant.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  As correctly stated by the ALJ, examining medical professional Jay M. Toews, Ed.D., suggested the possibility of symptom exaggeration or magnification.  Tr. 22, 511.  However, as noted by Plaintiff, none of Plaintiff's other mental health treatment providers ever noted exaggeration or symptom magnification.[1]  ECF No. 14 at 12, 17.  Although it is possible Plaintiff may have exaggerated his issues on this one occasion to Dr. Toews, the record does not reflect a tendency to exaggerate.  *See Tonapetyan*, 242 F.3d at 1148.

The ALJ also determined Plaintiff's credibility was diminished because he had not been compliant with recommended treatment with respect to his diabetes.  Tr. 23.  The ALJ indicated treatment records reflect Plaintiff's noncompliance with medications, diet, and home glucose monitoring.  Tr. 23, 514.  Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair*, 885 F.2d at 603.  However, where a claimant provides evidence of a good reason for not taking medication for symptoms, his

---

[1]Symptom exaggeration is not indicated elsewhere in the record.  Treating physician Mindy A. Udell; mental health counselor Peggy Champoux; mental health examiners Chris Clark, M.Ed., and Nichole Southard, L.C.S.W., and Debbi Spitler, P.A.; treating clinical psychologist Kirk Strosahl, Ph.D.; and treating psychiatrist Frank Garner, M.D., made no indication that Plaintiff may have been exaggerating his symptoms.  Tr. 445-503, 566-575, 579-624, 634-673.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

symptom testimony cannot be rejected for not doing so. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Bunnell*, 947 F.2d at 346; *Fair*, 885 F.2d at 602. Here, as asserted by Plaintiff, he had difficulty taking his medications consistently due to the severity of his symptoms. ECF No. 14 at 17; *see* Tr. 67, 626. The record reflects Plaintiff's impairments would occasionally cause him to sleep past the time he should have taken his medications, and Plaintiff's sister moved in with him to ensure he was taking his medications as prescribed and to otherwise care for Plaintiff. Tr. 52-53, 67, 625.

The ALJ finally mentioned Plaintiff engaged in activities during the relevant period that demonstrate Plaintiff had no greater limitations than those included in the ALJ's RFC determination. Tr. 23. It is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F.2d at 603. Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ noted the record showed Plaintiff regularly uses public transportation, enjoyed reading, attended AA meetings fairly regularly, and cared for his two boys, getting them up and ready for school each morning. Tr. 23. While it was within the province of the ALJ to consider Plaintiff's level of activity when assessing his credibility, the Ninth Circuit has held that one does not need to be "utterly incapacitated" to be disabled. *Fair*, 885 F.2d at 603 ("claimant's ability to engage in activities that were sporadic and punctuated with rest, such as housework, occasional weekend trips, and some exercise, do not support a finding that he can engage in regular work activities"). The activities indicated by the ALJ are not necessarily inconsistent with Plaintiff's description of limitations, and there is no evidence of record which shows that Plaintiff is able to spend a substantial part of his day engaged in the performance of work related functions.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). This Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. Nevertheless, based on the foregoing, the Court concludes that the rationale provided by the ALJ for discrediting Plaintiff is not clear and convincing. The Court thus finds a remand for a proper determination regarding Plaintiff's alleged symptoms is necessary in this case.[2]

**B.    Dr. Udell**

Plaintiff contends the ALJ also erred by rejecting the multiple medical opinions expressed by treating physician Mindy A. Udell, M.D. ECF No. 14 at 5-14. Plaintiff argues the ALJ failed to properly consider repeated and consistent opinions of Dr. Udell that Plaintiff's impairments caused significant functional limitations. *See* Tr. 424-426, 440-443, 625-627, 630-633, 676-677.

In November 2012, treating physician Udell opined that Plaintiff's anoxic brain injury, depression and panic attacks impaired his decision-making, follow-through, concentration, ability to get to and from work and ability to interact with others and that neuropathy and leg weakness impaired his ability to walk or stand for greater than five minutes. Tr. 440. In December 2013, Dr. Udell stated that,

---

[2]On March 16, 2016, SSR 16-3p became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." SSR 16-3p, 2016 WL 1119029 at *1, 10. Accordingly, on remand, the ALJ should address SSR 16-3p as part of the review regarding Plaintiff's alleged symptoms.

due to tibial pain from Plaintiff's bone infarct and neuropathy due to necrotizing fasciitis, Plaintiff could not walk any distance without pain; Plaintiff experienced daily panic attacks, had difficulty with self-care and needed help from family to take his medications, prepare meals and attend appointments; and Plaintiff had limited memory retention and could not keep appointments without the help of his sister.  Tr. 625-626.  In April 2014, Dr. Udell completed a physical medical source statement and indicated Plaintiff was chronically fatigued, blacked out for periods of time, could become confused and paranoid at times, suffered anxiety attacks, and could not perform prolonged standing/walking.  Tr. 630.  Dr. Udell opined Plaintiff would be off-task 25% of the workday or more, was incapable of even "low stress" work, and would miss four or more days of work per month due to his impairments.  Tr. 633.

The ALJ accorded "little weight" to Dr. Udell's opinions.  Tr. 25.

In light of the ALJ's erroneous determination regarding Plaintiff's alleged symptoms, this matter will be remanded for additional proceedings.  On remand, the ALJ shall reconsider Plaintiff's statements and testimony.  The ALJ shall additionally reassess the medical opinions of Dr. Udell and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. Furthermore, if warranted, the ALJ shall direct Plaintiff to undergo consultative examinations and/or elicit the testimony of a medical expert at a new administrative hearing.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award of benefits.  ECF No. 14 at 19-20.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*.  Remand is appropriate when additional administrative proceedings could

remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reexamine Plaintiff's statements and testimony and reassess all steps of the sequential evaluation process, taking into consideration the opinions of Dr. Udell, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. If warranted, the ALJ shall develop the record further by requiring Plaintiff to undergo consultative examinations prior to a new administrative hearing and by eliciting the testimony of a medical expert. The ALJ shall obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.     Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**.

2.     Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.     The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.     An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED November 25, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE